## HERREN *v.* CLIFFORD'S Adm'r.

A complaint based on notes secured by mortgage is bad on demurrer unless it contain the original or copies of the notes and mortgage.

In general, the proceedings of a Court of competent jurisdiction can not be collaterally impeached.

APPEAL from the *Hendricks* Circuit Court.

HANNA, J.—*Bland*, on the 6th of *February*, 1861, sued the appellant upon notes, one at four, one at eight, and one at twelve months, and a mortgage, which he avers they executed to him as administrator of the estate of one *Lucinda Clifford*, on the 6th day of *October*, 1859. Copies of the notes and mortgage do not appear in the record as having been filed with the complaint, and therefore the demurrer should have been sustained thereto, unless the manner of making up the record forbids. The certificate of the Clerk states, in the usual form, that the record is a complete transcript, &c., but adds: "So far as required by the defendant's attorney." The defendants bring the case here. The point on demurrer is pressed by appellants in their brief. There is no brief for appellee. The case appears to have been submitted by agreement.

We are of opinion that if the form in which the defendants caused the record to be presented should have deprived them of the right to press the point on demurrer, because of their failure to present a full record—a point we need not decide; the action of appellee in agreeing to submit the case upon such record, and his silence since in reference thereto, is an acquiescence in its correctness, so far as the errors assigned thereon questioned the rulings therein. One error assigned was in regard to the sufficiency of the complaint.

The Court erred in not sustaining the demurrer.

Among other matters it was averred that the notes were given in consideration of the land described in the mortgage,

which was that day purchased by the defendants at a sale by said plaintiff, as administrator, &c., he representing that he had, as such, full right and lawful authority to sell; that said lands were the property of *John Clifford*, husband of said *Lucinda*, and had been, on an application for partition, set off to him, and had not been ordered to be sold because of any debt due from her before marriage, &c. The answer purports to be accompanied by a transcript of the record, &c., . but it does not appear in that connection.

Reply : That *John Clifford* was not entitled to any part of the estate of his said wife, because he had in her lifetime abandoned her in her last sickness, and failed to provide, &c., and the said sale had been ordered to pay those who had cared for her in that sickness, &c.

A demurrer to this reply was overruled.

There is no cross-error upon the ruling on the demurrer to the answer.

It is clear that if the transcript of proceedings in partition, which elsewhere appears, namely, among the items of evidence given on the trial, had been filed with the answer, the defendants could not have thus questioned the correctness of the conclusion therein arrived at.

It appears from that transcript that, on the 28th day of *August*, 1860, such proceedings were had upon the application of said *John Clifford* as resulted in an order and judgment of the *Hendricks* Circuit Court, by which said land, before then purchased by the defendants of said administrator, were set off to said *John*, as his part of the estate of said *Lucinda*, deceased. His right to a portion of said land had been passed upon in that proceeding, and that decision could not be collaterally impeached.

These pleadings were had, perhaps, in view of the statutes then in force in reference to descents, to-wit:

"Sec. 22. If a wife die, testate or intestate, leaving a wid-

ower, one-third of her real estate shall descend to him; subject, however, to its proportion of the debts of the wife contracted before marriage." And also: "Sec. 34. If a husband shall abandon his wife, without just cause, failing to make suitable provision for her, or for his children, if any, by her, he shall take no part of her estate."

In the pleadings, in this case, it does not appear whether or not the right of the said *John Clifford*, to a portion of said lands of his wife, had been, in any manner, questioned or passed upon, if such action could have been had, in the application for the sale of said lands by said administrator. But, as in the instance of the record of partition, the petition, &c., and order of sale, appear to have been given in evidence. The petition names said *John* as one of the heirs of his deceased wife; but the order of sale does not name him, being in general terms that said administrator sell the described lands. The report and confirmation of said sale followed the order, and does not name said *John* or mention his interest. Questions therefore suggest themselves, but are not presented by the pleadings, as to whether his interest in the lands could be sold for her debts contracted during marriage; and whether the lands were not sold subject to his interest, and if yea, whether in subsequent proceedings by him to have such interests set apart, that interest could be fixed upon one parcel of said lands, where it had been sold in parcels, as being his portion of the whole? And further, if such a mode of setting off his portion, after sale, was improper, should it have been objected before the confirmation of said partition, or can it be done in this collatteral mode? We suggest these queries, but do not pass upon the points involved, as the judgment will be reversed, when the parties can further plead.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*Nave & Witherow*, for the appellant.